# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BENJAMIN MANNS,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00489<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **DAN SMITH, ET AL.,** | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Benjamin Manns, Pro Se Plaintiff; Benjamin D. Johnson, Johnson, Ayers & Matthews P.L.C., Roanoke, Virginia, for Defendants.*

The plaintiff, Benjamin Manns, a Virginia inmate proceeding pro se, brought this civil rights action under 42 U.S.C. § 1983. He alleges that because of his race, a jail official did not allow him telephone calls to arrange a furlough for a family member's funeral. The defendants have filed a Motion to Dismiss, and Manns has responded. After review of the record, I conclude that the defendants' motion must be granted in part and denied in part.

I.

Manns, an African-American, was incarcerated as a pretrial detainee at the Patrick County Jail in the fall of 2017. On September 11, 2017, Manns learned from a newspaper obituary that his father-in-law had died. Manns had enjoyed a close relationship with his father-in-law. For three days, Manns made verbal and

written requests to jail officials, asking to use the telephone to call to his family about the death and about arranging for a lawyer to obtain a court-ordered funeral furlough. Jail officials, who are all white, ignored Manns' requests for telephone calls and for grievance forms. By contrast, a white inmate had been immediately granted an opportunity to call his family after learning that his nephew had died.

On September 14, Manns asked Lieutenant Jones for a grievance form, and the officer refused to provide one. Manns filed handwritten documents titled "Formal Complaint Form" and "Grievance Form," complaining about all of these frustrations. ECF No. 11. In response to one of these complaints, an officer wrote: "Lt Jones was asked about you coming up and using the phone . . . and he said no." *Id.*

Liberally construed, Mann's submissions assert that: (1) Lieutenant Jones discriminated against Manns on the basis of race by denying him telephone access with family to arrange for a funeral furlough, (2) Jones denied Manns a grievance form; and (3) these violations of Manns' rights occurred because Dan Smith, the Patrick County Sherriff, failed to train and supervise his subordinates. Manns argues that these actions violated his federal and state constitutional rights. The

defendants have filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and Manns has responded.[1]

II.

A district court should dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*. 550 U.S. at 570. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

It is well established that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). Thus, Manns has no federally protected interest or constitutional entitlement to the jail's grievance procedures. I will grant the defendants' Motion to Dismiss as to Manns' § 1983 claims about his inability to file grievances.

---

[1] Manns initially filed his Complaint in state court. The defendants removed the action to this court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and forwarded the state court's record, including the Complaint, to this court along with their Motion to Dismiss under Rule 12(b)(6). Manns has not objected to the removal.

I must also dismiss Manns' claims under state law. He states merely that "Defendants Smith and Jones actions also violated Article 1, sections 1, 2, 3, 7, 11, and 12 of Virginia's Constitution." Compl. 5, ECF No. 1-1. Manns offers no indication that he has a private right of action under these provisions by which to raise separate, supplemental state law claims of race discrimination or denial of access to a grievance procedure. *See, e.g., Doe v. Rector & Visitors of George Mason Univ.*, 132 F. Supp. 3d 712 (E.D. Va. 2015) (explaining limitations on private right of action under Virginia Constitution). I may not undertake to construct such claims for him. *See, e.g., Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993) ("While the courts liberally construe pro se pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him."). [2]

Manns also cannot prevail on any claim for monetary damages against the defendants in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). I will grant the defendants' motion as to all official capacity claims. I will consider separately Manns' other claims against the defendants in their personal capacities.

"Inmates have no specific constitutional right to a furlough, whether for visitation of sick relatives or attendance of funerals." *Hipes v. Braxton*, 878 F.

---

[2] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

Supp. 56, 57 (W.D. Va. 1995). They do, however, "retain their First Amendment rights to communicate with family and friends," and to reasonable access to the telephone for that purpose, subject to limitations related to security or other legitimate penological concerns. *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994). Moreover, inmates are entitled to equal protection of the law, and even an otherwise discretionary determination, such as denial of telephone access about a furlough, must comport with this principle. *Brooks v. Dunn*, 376 F. Supp. 976, 979 (W.D. Va. 1974).

The Equal Protection Clause generally requires the government to treat similarly situated people alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). It "keeps governmental decision-makers from treating differently persons who are in all relevant respects alike." *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Thus, to prove an equal protection claim, an inmate "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Id.* He must next show that the policy is not "reasonably related to any legitimate penological interests." *Id.* at 732.

Manns' factual allegations in the Complaint about the defendants' personal actions are sparse, but I find them sufficient under *Twombly*. Taking his submissions as a whole as true, Manns has alleged that Jones approved or

disapproved requests for telephone use by jail detainees, that a white inmate was allowed prompt telephone calls to family about obtaining a funeral furlough, and that under similar circumstances, Jones did not approve telephone access for Manns, a black inmate, with no reason given. I conclude that the race discrimination claim against Jones in his individual capacity survives the Motion to Dismiss.

I reach a different conclusion on Manns' claim that the sheriff is liable under § 1983 for failing to train and supervise Jones and other employees about race discrimination. Manns cannot hold the sheriff vicariously liable for Jones' alleged discriminatory conduct. Rather, he must show that the sheriff's own actions or omissions *caused* the discrimination—the injury. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Id.* at 61. Such a claim would require facts showing that the sheriff knew of "[a] pattern of similar constitutional violations by untrained employees," but chose not to take corrective action to prevent constitutional violations in the future — "the functional equivalent of a decision" by the sheriff himself "to violate the Constitution." *Id.* at 61-62.

Manns has not made any such showing. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly.* 550 U.S. at 555. A court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Here, Manns offers only the speculative and conclusory statement that the sheriff failed to train and supervise jail employees about avoiding race discrimination. Manns' submissions, however, do not indicate any pattern of discriminatory acts in the past that notified the sheriff of a need for training or supervision to prevent different treatment based on race. Accordingly, I will grant the Motion to Dismiss as to Manns' claims against Sheriff Smith.

For the reasons set forth herein, it is **ORDERED** as follows:

1. The defendants' Motions to Dismiss (ECF No. 2) is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to the plaintiff's race discrimination claim under 42 U.S.C. § 1983 against Lieutenant Jones in his individual capacity, but the motion is GRANTED as to all other claims and defendants;

2. The clerk will TERMINATE Sheriff Smith as a party to the case; and

3. Lieutenant Jones is DIRECTED to answer and to file any motion for summary judgment within 30 days from entry of this order.

ENTER: August 1, 2018

/s/ James P. Jones
United States District Judge