# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **BENJAMIN MANNS,** | )  |
| Plaintiff, | ) Case No. 7:17CV00489 |
| v. | ) **OPINION** |
| **DAN SMITH, ET AL.,** | ) By: James P. Jones |
| | ) United States District Judge |
| Defendants. | ) |

*Benjamin Manns, Pro Se Plaintiff; Benjamin D. Johnson and Lori Jones Bentley, Johnson, Ayers & Matthews, P.L.C., Roanoke, Virginia, for Defendants.*

Benjamin Manns, while incarcerated, filed a pro se civil rights Complaint, under 42 U.S.C. § 1983, alleging that a jail official denied him telephone calls to arrange a furlough for a family member's funeral because of his race. The court no longer has a current mailing address for Manns. Therefore, I will dismiss the case without prejudice for failure to prosecute.

The defendants filed a Motion to Dismiss, to which Manns responded. By Opinion and Order entered August 1, 2018, I granted the motion in part, denied it in part, and set a deadline for any motion for summary judgment to be filed. The copies of the Opinion and Order that was mailed to Manns at the jail address he had provided have been returned as undeliverable. A notation on the envelope indicates that he has been released and officials are unable to forward his mail.

The docket reflects that Manns has not contacted the court since a letter to the clerk's office received in December 2017.

Based on Manns' failure to update the court with his current mailing address, I conclude that he has failed to prosecute this action, pursuant to Federal Rule of Civil Procedure 41(b). Accordingly, I will dismiss the action without prejudice. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants must respect court orders, and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)). If Manns wishes to proceed with this action, he may move to reopen the case within 30 days from entry of the dismissal order, provided that he demonstrates good cause for his failure to update the court with a current address upon his release.

A separate Final Order will be entered herewith.

DATED: August 13, 2018

/s/ James P. Jones
United States District Judge